| | |
|---|---|
| HEATHER ROBISON | ) |
| FORTESA BOBO | ) |
| DUANE HOPSON | ) |
| ALL PLAINTIFFS | ) |
| KIMBERLY THOMPSON | ) |
| SUZZETTE KATZMAN | ) |
| PHILLIP MCLAUGHLIN, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )          **ORDER** |
| | ) |
| KRISPY KREME DOUGHNUT | ) |
| CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement (Doc. No. 28) for consideration of whether the Settlement[1]

reached by the Parties should be preliminarily approved, the proposed Settlement Class

preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim

Form be approved. Having reviewed the proposed Settlement, together with its exhibits, and

based upon the relevant papers and all prior proceedings in this matter, the Court has determined

the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement

Class should be preliminarily certified, and the proposed Notice Program, Notices, Claims

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement and Releases, attached to the Motion for Preliminary Approval as Exhibit A.

Process, and Claim Form approved. Accordingly, good cause appearing in the record, Plaintiffs' motion (Doc. No. 28) is **GRANTED** and **IT IS HEREBY ORDERED THAT**:

1. The Court provisionally certifies the following Settlement Class for settlement purposes only, finding it is likely to finally certify the class at the final approval stage:

   All living individuals residing in the United States whose Private Information was impacted by the Data Incident. The Settlement Class specifically excludes: (a) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (d) those Settlement Class Members who timely and properly opt-out of the Settlement.

2. The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

3. The Court determines that for settlement purposes the proposed Settlement Class meets all requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class Members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of

adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

4. Plaintiffs are designated and appointed as the Class Representatives.

5. Jeff Ostrow of Kopelowitz Ostrow P.A., Mariya Weekes of Milberg PLLC, Scott Cole of Cole & Van Note, and David Wilkerson of Wilkerson Justus PLLC, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that counsel are experienced and will adequately protect the interests of the Settlement Class.

6. Upon preliminary review, the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

7. A Final Approval Hearing shall take place July 6, 2026, at 9:30 a.m. in Courtroom 5A of the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202, or virtually, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. If the Court elects to hold the Final Approval Hearing virtually, the

instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

8. Class Counsel intends to seek an award of up to one-third of the $1,616,760 Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, as well as Service Awards of up to $1,500 per Class Representative to be paid from the Settlement Fund. These amounts appear fair and reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

9. Class Counsel shall file Plaintiffs' Motion for Final Approval and Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards no later than 45 days before the initial scheduled Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and Service Awards.

10. Any Settlement Class Member that has not timely and properly opted-out from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, no Settlement Class Member that has elected to opt-out from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Preliminary Approval Order pertaining to objections, which are described below.

-4-

11. Epiq Class Action & Claims Solutions, Inc. is appointed as the Settlement Administrator, with responsibility for handling the Notice Program and overseeing the Claims Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

12. The Notice, including the Postcard Notice, Long Notice Form and Publication Notice attached as exhibits to the Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13. The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

14. Any Settlement Class Member that wishes to opt-out of the Settlement must submit a written notification of such intent either electronically or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out

Deadline, which is 30 days before the initial scheduled Final Approval Hearing. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class Member who does not submit a valid and timely request to opt-out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15. Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed.

16. All Settlement Class Members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

17. A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

18. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline,

which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

a.  the objector's full name, mailing address, telephone number, and email address (if any);

b.  the case name and number: <u>In Re: Krispy Kreme Data Security Litigation</u>, No. 3:25-cv-00434-MOC-SCR (W.D.N.C.);

c.  documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

d.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e.  the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

f.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

g.  the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's

law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

h.  whether the objector and/or objector's counsel will appear at the Final Approval Hearing;

i.  list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

j.  a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.  the objector's signature (an attorney's signature is not sufficient).

19. Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking the objector's deposition or requesting documents, to be completed before the Final Approval Hearing.

20. Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the addresses listed on the Long Form Notice and which will also appear on the Settlement Website.

21. Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

22. The Settlement establishes a Claims Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a Valid Claim. The Court preliminarily approves this process.

23. Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, and the Final Approval Order and final judgment.

24. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

25. If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order

-9-

shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

26. Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

27. Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement.

28. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

-10-

29. The Settlement, as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

   a. Deadline to commence Notice Program: within 20 days following Preliminary Approval;

   b. Deadline to complete Notice Program: 45 days before the initial schedule Final Approval Hearing;

   c. Deadline for filing Motion for Final Approval: 45 days before the initial scheduled Final Approval Hearing;

   d. Opt-Out Deadline: 30 days before the initial scheduled Final Approval Hearing;

   e. Objection deadline: 30 days before the initial scheduled Final Approval Hearing;

   f. Claim form deadline: 15 days before the initial scheduled Final Approval Hearing;

   g. Final approval hearing: July 6, 2026, at 9:30 a.m. in Courtroom 5A of the Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, NC 28202.

**IT IS SO ORDERED**.

Signed: March 5, 2026

Max O. Cogburn Jr
United States District Judge

-11-